JOHN MORRELL AND CO., Respondent v. UNEMPLOYMENT COMPENSATION COMMISSION, et al., Appellants

(13 N. W.2d 498.)

(File No. 8647. Opinion filed March 13, 1944.)

**Geo. T. Mickelson**, Atty. Gen., and **Alan Williamson**, Asst. Atty. Gen., for Appellants.

**Boyce, Warren & Fairbank** and **John S. Murphy**, all of Sioux Falls, for Respondent.

ROBERTS, J.   This is a case arising under the Unemployment Compensation Law (SDC 17.08).   Leona P. Whealey was the employee and claimant for unemployment benefits.   There were decisions by the Deputy Commissioner granting such benefits and by the Appeal Tribunal and by the Unemployment Compensation Commission sustaining the allowance.   Upon review by the Commission, findings were made as follows:   "Claimant is a married woman whose employment with John Morrell and Company began July 11, 1938 and continued until March 26, 1941.   On that date claimant resigned due to her advanced pregnancy. The birth of the child occurred on July 19, 1941.   After fully

recovering from her confinement claimant made such arrangements for the care of the child during her working hours to permit her to return to work, applied for reinstatement to her former position or for other suitable work. Upon her failure to be reinstated to her former position or any other, she registered for employment with the Employment Service office at Sioux Falls and simultaneously applied for benefits. At the time of her separation, March 26, 1941, claimant's physical condition, due to pregnancy, was such that continuing to work endangered her health, and the separation was necessitated by her approaching confinement." The employer, John Morrell and Company, then proceeded to obtain a review of such decision in the Circuit Court of Minnehaha County. The court held that claimant left her employment voluntarily without good cause attributable to the employer or the employment and entered judgment reversing the decision of the Commission and directing that the amount of all benefits paid to claimant be credited to the reserve account of the employer. From the judgment of the Circuit Court, the Unemployment Compensation Commission and claimant appeal.

SDC 17.0830(1), as amended by Laws 1939, c. 89, reads as follows: "An unemployed individual who has left work voluntarily without good cause, if so found by the Commission, shall not be entitled to any benefits under this chapter on account of such employement."

The facts involved in this controversy arose prior to the effective date (July 1, 1943) of Ch. 84, Laws 1943, amending the provisions quoted by specifically providing that an unemployed person who quits work "voluntarily without good cause, attributable to the employer or the employment," is not entitled to benefits.

It is agreed that the sole question involved is whether or not claimant was disqualified for benefits within the contemplation of these provisions.

The Unemployment Compensation Law was enacted by Ch. 3, Laws Sp. Sess. 1936. The second section of the act as an aid in construing it contained a statement of public

policy with respect to unemployment and the purposes of the legislature in providing for unemployment benefits. It declared: "Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this State. Involuntary unemployment is therefore a subject of general interest and concern which requires appropriate action by the legislature to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his family. The achievement of social security requires protection against this greatest hazard of our economic life. This can be provided by encouraging employers to provide more stable employment and by the systematic accumulation of funds during periods of employment to provide benefits for periods of unemployment, thus maintaining purchasing power and limiting the serious social consequences of poor relief assistance. The legislature, therefore, declares that in its considered judgment the public good, and the general welfare of the citizens of this State require the enactment of this measure, under the police powers of the State, for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own."

The legislature recognizing the ills resulting from involuntary unemployment sought to encourage more stable employment and to maintain purchasing power during periods of unemployment and to minimize the social consequences of poor relief assistance by payment of benefits from reserves derived from enforced contributions of employers. From this declaration of public policy, it appears that the legislature intended that only persons who are involuntarily unemployed because of the failure of industry to provide employment are entitled to benefit payments. In construing the provisions of the statute prescribing the qualifications required to secure compensation and the provisions as to disqualifications, the legislative intention is to be determined from a consideration of the whole act and the declaration of public policy.

622

     From the facts as found by the defendant Commission, it is apparent that claimant left her employment of her own volition and was not discharged. In sustaining the decision of the Appeal Tribunal, the Commission concluded: "Voluntary separation implies freedom of choice of the individual, either to leave employment or continue working. When the separation is made necessary in the interest of conserving health, there obviously is no freedom of choice, and the separation is not voluntary. A married woman whose separation from her job is necessitated by the danger to her health due to pregnancy, after her confinement, and upon being restored to health and organizing her household for adequate care of the child, is available for work. If, under these circumstances, she definitely seeks reentry into the labor market, she is entitled to benefits under our law if suitable work is not available." We agree that claimant was justified in leaving her employment, but it does not follow that she was entitled to unemployment benefits. It appears to us from a consideration of the act that the legislature did not intend that employees who leave their work for reasons not attributable to or connected with their employment should receive benefit payments. Without giving the word "voluntarily" in section 17.0830(1), supra, an exact definition, we think that it would do violence to the intent and purpose of the statute to hold under the facts in this case that claimant did not "voluntarily" leave her employment.

We are also of the opinion that claimant left her employment "without good cause" within the meaning of that phrase as used in the act. Under the 1943 amendment of section 17.0830(1), supra, to which we have referred, a claimant must establish when his claim is premised upon quitting his work with good cause that such cause was "attributable to the employer or the employment." Appellants argue that the legislature in adopting the amendment must have intended to make some change in the existing law. A change in a statute may be made to express more clearly the original intention of the legislature. We think

because of the apparent purpose and intention of the legislature determined from a consideration of the entire act and the declaration of public policy that the effect of the section before amendment was to require a showing of good cause attributable to the employment and that the amendment was enacted to express more clearly such intention.

For construction and application of provisions of unemployment compensation acts regarding disqualifications for benefits see Woodmen of the World Life Ins. Soc. v. Olsen, 141 Neb. 776, 4 N. W.2d 923; Wolfe v. Iowa Employment Compensation Commission, Iowa, 7 N. W.2d 799; W. T. Grant Co. v. Board of Review of Unemp. Comp. Comm., 129 N. J. L. 402, 29 A.2d 858; Caterpillar Tractor Co. v. Durkin, 380 Ill. 11, 42 N. E.2d 541; S. S. Kresge Co. v. Unemp. Comp. Comm., 349 Mo. 590, 162 S. W.2d 838; Department of Labor and Industry v. Unemployment Comp. Bd. of Rev., 133 Pa. Super. 518, 3 A.2d 211; Department of Labor and Industry v. Unemployment Comp. Bd. of Rev., 148 Pa. Super. 246, 24 A.2d 667; Brown-Brockmeyer Co. v. Board of Rev., 70 Ohio App. 370, 45 N.E.2d 152; Huiet v. Schwob Mfg. Co., Ga. Sup., 27 S. E.2d 743; annotation in 141 A. L. R. 101.

We find that there was no error in the law as applied by the lower court. The judgment appealed from is therefore affirmed.

All the Judges concur.