Barbara C. Liebrum, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 16, 1977, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*Edward E. Guido,* with him *Saidis & Guido,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, November 16, 1977:

Barbara C. Liebrum, an unemployed trough line plater and mother of three young children, was denied

further unemployment compensation benefits when she refused two simultaneous offers of reemployment involving rotating shift work.[1]  Her proffered justifications that the rate of pay was too low and that parental responsibilities prevented her acceptance of employment on any but the third shift were accepted by neither the referee nor the Unemployment Compensation Board of Review (Board).  Raising the same contentions, Liebrum appealed the Board's order affirming the referee's denial of benefits to this Court.  We affirm.

We conclude that the rate of pay of the offered employment was not such as to justify the refusal of that employment.  The record demonstrates that Liebrum had previously earned $176 per week, that she had been unemployed for 6½ months, and that the offered positions paid $141.40 and $143.40 per week.  We have held that, following a 3½-month period of unemployment, a claimant's particularity for desired employment must decrease to the point of accepting substantially less remuneration; viz., $550 per month, as opposed to $704 per month.  *Donnelly v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 39, 330 A.2d 544 (1975); *cf. Valentine Unemployment Compensation Case*, 197 Pa. Superior Ct. 574, 180 A.2d 85 (1962) (lack of good faith in refusing employment at $50 and $60 per week, as compared to previous $100-per-week salary, after more than 4 months of unemployment).  Accordingly, we now hold

---

[1] Liebrum was determined to be ineligible for benefits under Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(a), which provides in pertinent part:

An employe shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause, . . . to accept suitable work when offered to him by the employment office or by any employer. . . .

that Liebrum has not carried her burden of proving her rights to benefits, *see Veneski v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 154, 370 A.2d 382 (1977); *Kanouse v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 188, 305 A.2d 782 (1973), on the ground of disparity in remuneration.

Furthermore, we hold that Liebrum has not demonstrated that her failure to accept the two offered jobs was for good cause. In so holding, we are not unmindful of our recent decision in *Trexler v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 180, 365 A.2d 1341 (1976).[2] There, the benefits of an unemployed mother, who had been able to find reliable care for her 12-month-old child only between the hours of 8 a.m. and 5 p.m., were not terminated when she refused offered employment which contemplated overtime work. In concluding that she had refused work for good cause, we noted:

> '[G]ood cause' may cover reasons which are extraneous to the employment and strictly personal to the claimant, provided, however, that such personal reasons involve real and substantial circumstances which compel the decision to refuse suitable work and rest on 'good faith.' . . . '[G]ood faith, as used in this context, includes positive conduct on the part of the claimant which is consistent with a genuine desire to work and be self-supporting.' (Citations omitted.)

27 Pa. Commonwealth Ct. at 185, 365 A.2d at 1344. Having actively sought employment during the period that reliable childcare was available and having unsuccessfully attempted to make suitable arrangements for the extra hours which might be required, the mother evinced the positive conduct consistent with a genu-

---

[2] *Trexler* was decided after the Board's decision in this case.

ine desire to work and be self-supporting. In addition, her parental duty was a substantial and reasonable basis for refusing the offered position. Thus, the mother was allowed further benefits.

While the instant record suggests that Liebrum's parental duty constituted a substantial and reasonable basis for refusing the offered positions, it does not reveal the positive conduct indicative of good faith In particular, Liebrum admitted that she did not attempt to secure babysitting services. Because there is no suggestion that an attempt to secure such services would have been useless or prohibitively onerous, we cannot say that the good-faith requirement of *Trexler* has been met. We therefore conclude that *Trexler* is inapposite and that Liebrum did not refuse work for good cause.

ORDER

AND Now, this 16th day of November, 1977, the order of the Unemployment Compensation Board of Review, dated August 24, 1976, affirming the referee's denial of benefits to Barbara C. Liebrum, is hereby affirmed.