Janice Brink, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*Warren R. Baldys, Jr.,* for petitioner.

*Charles Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., October 18, 1978:

Petitioner appeals to this Court from a decision of the Unemployment Compensation Board of Review denying her unemployment compensation under Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a). We affirm.

Petitioner last worked in Florida for Manpower, where she was employed as a secretary. She had a valid separation from that employment on December 31, 1975, and after moving to Pennsylvania began receiving unemployment compensation. On October 26, 1976, having received benefits for some ten months, petitioner was referred to a job as a part-time ticket clerk at Hills Department Store in South Williamsport. Petitioner attended an interview and was offered a job as a cashier. Petitioner accepted the job, but prior to reporting to her first scheduled day of work notified Hills that she would be unable to keep her commitment. Petitioner testified that it was im-

possible to secure a babysitter on Saturdays for her six year old daughter. Since petitioner's job with Hills would have required Saturday work, she did not take the job.

In *Trexler v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 180, 365 A.2d 1341 (1976), this Court held that parental responsibilities may constitute good cause for refusing a job offer. In the context of a claimant who refuses a job on the grounds that he is unable to secure a babysitter, good cause requires that the claimant must act in good faith in attempting to overcome the obstacles to his acceptance of an offer of work. Good faith, in turn,

> means that he must inform the Bureau and prospective employers of the limitations on his availability; must seek employment during those hours when his child care duties are being tended to by another; and, if he is offered employment during those hours which he is then devoting to child care, he must take reasonable efforts to find someone who would assume the child care duties for him.

*Wolford v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 43, 47, 384 A.2d 1035, 1037 (1978).

In the instant case petitioner presented absolutely no evidence as to what efforts she made to secure a babysitter. While petitioner did state that it was impossible for her to secure a babysitter on Saturdays, she presented no testimony as to how many babysitters she contacted, or as to what other child care arrangements she attempted to make. While it is a close case, considering the fact that petitioner had several days in which to secure a babysitter, we do not believe that it was unreasonable for the Bureau of Employment Security, the referee, and the Unemployment Compen-

sation Board of Review to require claimant to produce something more than her mere assertion that it was impossible to secure a babysitter for Saturdays to satisfy the good faith requirement.

Accordingly, we will enter the following

ORDER

AND Now, October 18, 1978, the decision of the Unemployment Compensation Board of Review, No. B-139850-B, dated April 1, 1977, is affirmed.