Corrine RED BIRD, Appellant,

v.

Judith MEIERHENRY, Secretary, South Dakota Department of Labor, Appellee.

No. 13360.

Supreme Court of South Dakota.

Argued Oct. 27, 1981.

Decided Jan. 6, 1982.

Gary Forrester of Dakota Plains Legal Services, Eagle Butte, and Yvette Hall War Bonnet of Dakota Plains Legal Services, Mission, for appellant.

Drew C. Johnson, Aberdeen, for appellee.

FOSHEIM, Justice.

Corrine Red Bird appeals from a judgment affirming the decision of the South Dakota Department of Labor, Unemployment Insurance Division (Department),

which denied her unemployment benefits upon a finding that she had voluntarily quit her job without good cause. We affirm.

Appellant was employed as a cook's helper and her husband was employed as a janitor at the Pierre Indian Learning Center (Center). Housing for their family was provided at the Center as part of the husband's contract of employment. There was no housing benefit connected with appellant's employment. Ill health prevented appellant's husband from doing his work. Consequently, his employment was terminated and the family was obliged to seek different living quarters. They were unable to find housing in Pierre which was adequate for their large family and also within their means. Therefore, on August 18, 1980, appellant resigned and the family moved back to their former residence near Eagle Butte where appellant's husband was provided medical treatment.

Appellant's contention on appeal is that she is entitled to unemployment benefits because she did not leave her employment voluntarily without good cause, within the meaning of SDCL 61–6–13 and –13.1. SDCL 61–6–13 provides:

> An unemployed individual who has left his most recent employment of an employer or employing unit, such employment being at least thirty calendar days in duration, voluntarily without good cause shall be denied benefits until he has been re-employed at least six calendar weeks in insured employment during his current benefit year and earned wages of not less than his weekly benefit amount in each of those six weeks.
>
> If additional claims are filed by a claimant during a benefit year subsequent to employment, the thirty calendar day requirement shall not be applied in determining disqualifications.

SDCL 61–6–13.1 was enacted as an addition to SDCL 61–6–13 by the 1979 South Dakota Legislature in S.L. ch. 348, § 3. It read as follows in 1980:

> "Good cause" for voluntarily leaving employment is restricted to leaving employment because:

(1) Continued employment presents a hazard to the employee's health provided the health hazard is supported by a medical certificate signed by two medical doctors;

(2) The employer required the employee to relocate his residence to hold his job; or

(3) The employer's conduct demonstrates a substantial disregard of the standards of behavior that the employee has a right to expect of his employer or the employer has breached or substantially altered the contract for employment.

These "good cause" restrictions are unique to South Dakota and this is an appeal of first impression involving the interpretation of SDCL 61–6–13.1.

■ Unemployment compensation benefits and mandatory unemployment insurance are creatures of statute, unknown to the common law. The concept is a product of the Great Depression of the 1930's. Annot., 106 A.L.R. 1531 (1937). South Dakota's Unemployment Compensation Law originated with the 1936 Session Laws (Special Session), chapter 3. Entitlement to benefits, therefore, is governed entirely by statute. Consequently, the decisions urged by appellant from jurisdictions which do not have a statute similar to SDCL 61–6–13.1, such as *Bliley Electric Co. v. Unemployment Comp. Bd. of Rev.*, 158 Pa.Super.Ct. 548, 45 A.2d 898 (1946), interpreting the terms "voluntarily" and "good cause" are not controlling.

■ It is the general rule that since the purpose of unemployment compensation benefits is to relieve the stress of economic insecurity due to unemployment, the unemployment compensation statutes should be liberally construed in favor of the claimant to afford all the relief the legislature intended to grant. However, courts may not exceed the limits of the statutory intent. A court is not at liberty to read into the statute provisions which the legislature did not incorporate, or enlarge the scope of the statute by an unwarranted interpretation

of its language. *Godsol v. Michigan Unemployment Comp. Commission*, 302 Mich. 652, 5 N.W.2d 519 (1942); *Jackson v. Administration of Division of Employ. Sec.*, 128 So.2d 915 (La.App.1961); *California Portland Cement Co. v. California Unemployment Insurance Appeals Board*, 178 Cal. App.2d 263, 3 Cal.Rptr. 37 (1960); *Alexander v. Michigan Employment Secur. Comm.*, 4 Mich.App. 378, 144 N.W.2d 850 (1966); 76 Am.Jur.2d *Unemployment Compensation* § 6 (1975). Legislative intent is to be determined from a consideration of the whole act including its declaration of public policy. *John Morrell & Co. v. Unemployment Compensation Commission*, 69 S.D. 618, 13 N.W.2d 498 (1944).

Appellant argues that if we conclude her decision to quit was not voluntary because of personal reasons, then she is entitled to benefits and we need not consider whether she quit for any statutorily defined good cause. The Department counters that whether a claimant's decision to quit is deemed voluntary or involuntary depends entirely upon whether her action is supported by one of the SDCL 61–6–13.1 "good cause" definitions.

■ Appellant's decision to quit may very well have been an involuntary act in the sense that it was brought about by forces beyond her control. Nevertheless, our consideration of the whole act, including its declaration of policy and amendment history, *John Morrell, supra*, leads to the conclusion that the term "voluntarily without good cause" means a cause essentially not attributable to the employer or the employment. A purpose to maintain that concept is implicit in the SDCL 61–6–13.1 restrictions of "good cause" for voluntarily leaving employment. We believe the SDCL 61–6–13.1 addition was enacted to more clearly define and express that intention.

■ This conclusion is dispositive of the remaining issues since appellant has not established that her reasons for leaving come within any of the restrictions specified in SDCL 61–6–13.1.

The judgment is affirmed.

All the Justices concur.