In the Matter of the APPEAL FROM the FINAL DECISION OF the SOUTH DAKOTA DEPARTMENT OF LABOR, UNEMPLOYMENT INSURANCE DIVISION, FOR Laura FICKBOHM, Appeal No. C–2587.

No. 13677.

Supreme Court of South Dakota.

Considered on Briefs May 20, 1982.

Decided Aug. 18, 1982.

Joseph G. Rimlinger, East River Legal Services Corp., Sioux Falls, for appellant Laura Fickbohm.

Julie M. Johnson, Sp. Asst. Atty. Gen., Aberdeen, for appellee State of S. D.

FOSHEIM, Justice.

Laura Fickbohm (appellant), a single parent, was employed by Litton Microwave in Sioux Falls, South Dakota, on the assembly line. She worked from 7:00 a. m. to 3:30 p. m., Monday through Friday, 40 hours per week, at an hourly wage of $3.75. Appellant was laid off from this job on January 5, 1981, whereupon she applied for unemployment benefits. On January 21, 1981, Job Service notified appellant of a job opening, paying $3.35 per hour, for a combination cashier and prep worker at a cafe. Although appellant had experience in restaurant work, she refused the job referral. Because of that refusal, the Benefit Section of the South Dakota Department of Labor denied her unemployment benefits. Her appeal of this denial resulted in a hearing before a referee of the South Dakota Department of Labor. At that hearing appellant stated she refused the referral because:

(1) the job required Saturday work and day care was not available on Saturdays for her infant son; (2) she understood the job was not full-time and she needed a full-time job, paying more than $3.35 per hour, to make ends meet;[1] and (3) she did not like prep work. The referee's decision, affirmed by the Secretary of Labor, was that appellant was properly denied unemployment benefits because she refused a referral to suitable work without good cause. Appellant appealed the agency's decision to the circuit court. This appeal is from the circuit court's order affirming the agency's decision. We also affirm.

SDCL 61–6–15 states: "If the department finds that an unemployed individual has failed, without good cause . . . to apply for available suitable work when so directed by the department . . . such claimant shall be denied benefits[.]" The issues appellant raises on appeal are whether child care responsibilities constitute good cause for refusing to apply for a job and whether a job is suitable if it pays approximately 10% less than the claimant previously earned.

■ The standard of review in this Court is SDCL 1–26–36, which states:

The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Clearly erroneous in light of the entire evidence in the record; or

---

1. At the hearing appellant was informed by the referee that the referral was for a full-time job. Appellant stated that she was under the impression the job was not full-time but that ". . . I you know really wasn't listening that close because after she said it was having to do with prep work and Saturdays I just you know right there had decided because I've never had to work weekends since I've had [my son] so and I don't want to start now."

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

A court need not enter its own findings of fact and conclusions of law but may affirm, modify or reverse the findings and conclusions entered by the agency as part of its judgment. The circuit court may award costs in the amount and manner specified in chapter 15–17.

This court reviews the agency's decision in the same manner as the circuit court, unaided by a presumption that the circuit court's decision was correct. *In the Matter of the South Lincoln Rural Water System Application for Permit No. 4300–3*, 295 N.W.2d 743 (S.D.1980). No reference to SDCL 1–26–36 is made in appellant's brief, and no specific action by the agency in violation or contravention of that statute is noted. However, in light of the statutes cited by appellant, she apparently considers the agency's decision in violation of SDCL 1–26–36(1).

There is no statute defining good cause for failure to apply for a job and we have not had occasion to interpret SDCL 61–6–15 before. Looking then to other jurisdictions, we find Pennsylvania has developed the following definition:

We must also remember that 'good cause', being undefined in the Act, is a flexible term and therefore not amenable to general rules or rigid formulas. Instead, its meaning must be deduced from the facts of each case in a manner that is consistent with the Act's fundamental purpose, which is to insure that employes who become unemployed through no fault of their own are provided with some semblance of economic security. Viewed in this setting 'good cause' may cover reasons which are extraneous to the employment and strictly personal to the claimant, provided, however, that such personal reasons involve real and substantial circumstances which compel the decision to refuse suitable work and rest on 'good faith.' '[G]ood faith, as used in this context, includes positive conduct on the part of the claimant which is consistent with the genuine desire to work and be self-supporting.'

*Trexler v. Com., Unemployment Comp. Bd.*, 27 Pa.C. 180, 365 A.2d 1341, 1344 (1976) (citations omitted).

The *Trexler* decision held that parental responsibilities do present a substantial and reasonable basis for refusing to take a job. The claimant in *Trexler* was held to be entitled to unemployment benefits because of her good faith effort to secure new employment. Subsequent Pennsylvania unemployment cases dealing with refusal to accept a job because of parental responsibilities have consequently centered on whether the claimant's refusal was made in good faith. For example *Liebrum v. Com., Unemployment Comp. Bd.*, 32 Pa. Cmwlth. 401, 379 A.2d 664, 666 (1977), justified its denial of unemployment benefits to such a claimant with the following language.

While the instant record suggests that Liebrum's parental duty constituted a substantial and reasonable basis for refusing the offered positions, it does not reveal the positive conduct indicative of good faith. In particular, Liebrum admitted that she did not attempt to secure babysitting services. Because there is no suggestion that an attempt to secure such services would have been useless or prohibitively onerous, we cannot say that the good-faith requirement of *Trexler* has been met. We therefore conclude that *Trexler* is inapposite and that Liebrum did not refuse work for good cause.

Similarly *Brink v. Com., Unemployment Comp. Bd.*, 38 Pa.C. 168, 392 A.2d 338 (1978), affirmed a denial of benefits to a parent who refused a job offer requiring Saturday work. The parent claimed that she could not accept the job because it was impossible to find a babysitter on Saturdays. As in *Liebrum*, the *Brink* court justified its decision on the lack of a good faith showing.

In the instant case petitioner presented absolutely no evidence as to what efforts she made to secure a babysitter. While petitioner did state that it was impossible for her to secure a babysitter on Saturdays, she presented no testimony as to

how many babysitters she contacted, or as to what other child care arrangements she attempted to make. While it is a close case, considering the fact that petitioner had several days in which to secure a babysitter, we do not believe that it was unreasonable for the Bureau of Employment Security, the referee, and the Unemployment Compensation Board of Review to require claimant to produce something more than her mere assertion that it was impossible to secure a babysitter for Saturdays to satisfy the good faith requirement.

*Id.* 392 A.2d at 340.

Turning to the present case, we agree with the Pennsylvania courts that the fulfillment of parental responsibilities and duties is a substantial and reasonable basis, i.e. good cause, for refusing to accept a job. However, appellant presented no evidence at the hearing that it was impossible for her to secure care for her child while she worked on Saturday. We therefore hold that appellant was properly denied unemployment benefits because her showing of good cause lacked evidence of good faith.

The final issue, whether a job is suitable if it pays approximately 10% less than the claimant's prior earnings, addresses suitability of work under SDCL 61–6–16. That statute reads: "In determining whether or not any work is suitable for an individual, the department shall consider . . . his . . . prior earnings[.]" The record does not reveal whether the $3.35 per hour wage included tips. We realize that even a 10% reduction in wages would undoubtedly strain appellant's meager budget. However, appellant presented no evidence to substantiate her claim that she and her son could not live on the offered wage.

---

* SDCL 61–6–16 reads as follows:

In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety, and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence.
SDCL 61–6–17 reads as follows:

Wage considerations are also addressed in SDCL 61–6–17, which reads:

Notwithstanding any other provisions of this title no work shall be deemed suitable and benefits shall not be denied under this title to any otherwise eligible individual for refusing to accept new work under any of the following conditions:

(2) If the wages, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality[.]

Again, there is no evidence in the record that $3.35 per hour is "substantially less favorable" to appellant than wages for similar work in Sioux Falls.

Therefore, the agency's decision was not in violation of statutory provisions. We accordingly affirm the order of the circuit court.

HENDERSON, J., concurs.

WOLLMAN, C. J., concurs specially.

DUNN and MORGAN, JJ., dissent.

WOLLMAN, Chief Justice (concurring specially).

Unlike the situation that was presented to us in *Red Bird v. Meierhenry*, 314 N.W.2d 95 (S.D.1982), as the majority opinion points out, there is no definition of "good cause" as that term is used in SDCL 61–6–15. The Department of Labor argues that we should look to the provisions of SDCL 61–6–16 and 61–6–17 as limitations upon the grounds that would constitute good cause for refusing to apply for or accept suitable work.*

---

Notwithstanding any other provisions of this title no work shall be deemed suitable and benefits shall not be denied under this title to any otherwise eligible individual for refusing to accept new work under any of the following conditions:
(1) If the position offered is vacant due directly to a strike, lockout, or other labor dispute;
(2) If the wages, hours, or other conditions of the work offered are substantially less favor-

In construing statutes similar to SDCL 61–6–15, 61–6–16, and 61–6–17, the Supreme Court of Pennsylvania held:

> A careful study of § 402(a) has convinced us that "good cause" and "suitable work" are intended to be separate and distinct concepts, and that in determining eligibility for unemployment compensation each must be considered separate and apart from the other. It is well settled, that in construing a statute, effect shall be given if possible, to all its provisions . . . . It is impossible to give a general definition of "good cause." The meaning of those words must be determined in each case from the facts of that case. We are convinced that "good cause" was intended to cover reasons which are personal to the employee and extraneous to the employment if they are, as said by the learned Superior Court in *Sturdevant Unemployment Comp. Case*, 158 Pa.Super. 548, 45 A.2d 898, 903, "Real not imaginary, substantial not trifling, reasonable not whimsical, circumstances [which] compel the decision to leave employment" or to refuse suitable work. But in addition, "good cause" must be so interpreted that the fundamental purpose of the legislation shall not be destroyed.

*Barclay White Co. v. Unemploy. Comp. Bd. of Rev., Etc.*, 356 Pa. 43, 50 A.2d 336, 339–40 (1947).

We have elected to follow the Pennsylvania approach. If the legislature should decide that our interpretation is not in keeping with legislative intent, then it will be a simple enough job for the legislature to define, as it did in the statute under consideration in *Red Bird v. Meierhenry*, supra, "good cause," as that term is used in SDCL 61–6–15, in a more restrictive manner than we have done in this opinion.

I agree with the majority opinion that the record before us does not warrant a reversal of the department's decision.

DUNN, Justice (dissenting).

I would concur with the majority that the fulfillment of parental responsibilities and duties constitutes good cause for refusing to accept a job under SDCL 61–6–15. I would, however, reverse and remand this case for a determination of whether appellant made a good faith effort to secure care for her child while she worked on Saturdays.

The good faith test adopted by the majority in this case works a hardship on appellant. This standard requires the establishment of a factual record at the time of the hearing; a requirement appellant was not aware of at the time of her hearing. The hearing in this case was conducted before a referee who elicited information from appellant in the form of questions. Appellant was not represented by counsel (although counsel is not required at such hearings), was not given the opportunity to call witnesses and present testimony concerning good faith to procure day care facilities for her child, and, more importantly, was not even asked by the referee about her efforts to find child care.

There was just no factual hearing held on the issue of the good faith efforts of appellant to obtain suitable care for her child on Saturdays. This was undoubtedly due to the fact that the State rejects outright the "fulfillment of parental responsibilities" test to show good cause for refusing employment. The appellant is entitled to a hearing and finding on this issue and I would reverse and remand the case for this purpose.

I am authorized to state that Justice MORGAN joins in this dissent.

---

able to the individual than those prevailing for similar work in the locality;

(3) If, as a condition of being employed, the individual would be required to join or to resign from or refrain from joining any labor organization.