Manuel RED BEAR, Claimant
and Appellant,

v.

CHEYENNE RIVER SIOUX TRIBE,
Employer and Appellee,

and

The Secretary of the South Dakota
Department of Labor, Unemployment
Insurance Division, Appellee.

No. 14054.

Supreme Court of South Dakota.

Considered on Briefs May 25, 1983.

Decided July 13, 1983.

Krista Clark, Dakota Plains Legal Services, Eagle Butte, for claimant and appellant; Yvette Hall War Bonnet, Dakota Plains Legal Services Mission, on brief.

Julie M. Johnson, Sp. Asst. Atty. Gen., South Dakota Dept. of Labor, Unemployment Ins. Div., Aberdeen, for appellee.

DUNN, Justice.

This is an appeal from an order by the trial court affirming the decision of an appeals referee which concluded that Manuel Red Bear (appellant) did not meet the availability requirement for receiving unemployment insurance benefits. We reverse.

Appellant worked as a tribal police officer with the Cheyenne River Sioux Tribe from October of 1977 until January 4, 1982.* In December of 1981, appellant re-injured his left hand when he pinched a nerve which caused a loss of feeling in two of his fingers. The record indicates the injury could be corrected by surgery but, due to lack of funds at the Public Health Hospital, the operation had to be delayed. As a result of the injury, appellant could no longer handle a pistol properly and he was forced to resign from the police force.

On April 5, 1982, appellant made a claim for unemployment insurance in which he indicated he would have difficulty beginning work at once due to his disability. Based on the information provided in this application, the Unemployment Insurance Division of the South Dakota Department of Labor (Department) found appellant ineligible for unemployment insurance benefits because appellant did not meet the availability requirements.

---

* Appellant's letter of resignation is dated March 30, 1982. From the record before us, we are unable to determine if appellant worked for the police department between January 4, 1982 and March 30, 1982.

At a subsequent hearing, contesting the Department's findings, it was established that appellant was employable. Appellant testified that, although he did not have full strength in both hands, he still could perform work such as a farmhand, janitor, staff assistant or radio dispatcher. Appellant's physician also submitted a report stating that appellant could perform work other than police work which requires the ability to fire a gun.

After reviewing the record, the appeals referee determined that appellant did not meet the availability requirements for receiving unemployment insurance benefits. That decision was affirmed by an order of the trial court. Appellant now asks us to review the trial court's action.

Appellant contends the trial court erred in concluding the Department's interpretation of the availability requirements in SDCL 61–6–2(3) was correct. Appellant's request for unemployment benefits was denied solely on the basis of this availability requirement, so we must assume that all the other statutory requirements were satisfied. SDCL 61–6–2(3) states that a person is qualified to receive unemployment insurance benefits when "[h]e is able to work, and is available for work." The Department, however, did not adhere to the statutory requirements. Instead, the Department construed the availability requirement to state "[h]e is *fully* able to work, and is available for work *and actively seeking work without undue restrictions that will substantially reduce prospects for obtaining employment.*"

■ We agree with appellant's assertion that inclusion of this language makes the eligibility requirements more restrictive than the language used in the statute. In essence, this language would allow Department to conclude that any restriction in applicants' ability to work makes them ineligible for unemployment insurance benefits.

In *State, Div. of Human Rights v. Prudential Ins.,* 273 N.W.2d 111, 114 (S.D.1978), when discussing the rule making authority of administrative bodies, this court stated that a "rule can *in no way* expand upon the

statute that it purports to implement." (emphasis supplied) Similarly, an agency's interpretation of its own regulations need not be accepted if its interpretation is inconsistent with the statute under which the regulations are promulgated. *Oglala Sioux Tribe of Indians v. Andrus,* 603 F.2d 707 (8th Cir.1979). Here, Department, in interpreting the statute and the accompanying regulations, has made eligibility requirements more restrictive than intended by the plain language enacted by the legislature. For the appeals referee and trial court to apply this defective statutory interpretation in this case is a mistake of law as contemplated in SDCL 1–26–36(4). *See also Wefel v. Harold J. Westin & Associates, Inc.,* 329 N.W.2d 624 (S.D.1983); *Hartpence v. Youth Forestry Camp,* 325 N.W.2d 292 (S.D.1982).

■ Department urges, however, that use of this defective statutory interpretation is harmless error. This contention is without merit. The conclusions of law adopted by the appeals referee and the trial court deny unemployment insurance benefits by stating the "injury to the claimant's hand does amount to an undue restriction on his availability for work which undoubtedly will serve to substantially reduce his prospects for obtaining employment." This erroneous conclusion expands the restrictions of the statute to fit the very factual situation here and forms the basis for the trial court's conclusion that appellant was not eligible for unemployment insurance. This cannot be held to be harmless error.

The judgment is reversed.

MORGAN and HENDERSON, JJ., concur.

FOSHEIM, C.J., and WOLLMAN, J., dissent.

WOLLMAN, Justice (dissenting).

I would affirm. It strikes me that what the Department did was no more than to put a permissible interpretative gloss upon the statute, much as we did with respect to other portions of the unemployment compensation statutes in *Matter of Yaroch,* 333

N.W.2d 448 (S.D.1983); *Matter of Appeal of Fickbohm,* 323 N.W.2d 133 (S.D.1982); and *Red Bird v. Meierhenry,* 314 N.W.2d 95 (S.D.1982). The majority opinion implies that the phrase "able to work, and is available to work" is so clear and self-explanatory as to admit of no additional definitional interpretation. In so doing, the majority opinion succumbs to what has been termed the false appearance of deductive rationality in the interpretation and application of legal rules. *See* White, "The Invisible Discourse of the Law: Reflections on Legal Literacy and General Education," 54 U.Colo.L.Rev. 143, 148 (1983). We would do well to remember that the unemployment insurance benefits fund is not a cornucopia to be disbursed with avuncular indulgence. The Department has given a reasonable reading to the statute in its effort to carry out the intent of the legislature that some semblance of economic security be provided those who are unemployed despite their readiness and willingness to accept employment.

I am authorized to state that Chief Justice FOSHEIM joins in this dissent.