Donald Wolford, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

44

Argued December 9, 1977, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*John S. Alexander,* with him *Alan N. Linder,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 19, 1978:

Donald Wolford (Claimant), a resident of Reading, Pennsylvania, has appealed the decision of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits under Section 402(a) of the Unemployment Compensation Law,[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).

which denies a claimant benefits if, without good cause, he refuses an offer of suitable employment.

The facts are not in dispute. Claimant is married and has two children who, at the time he refused the job offer, were aged four years and 16 months. At all times relevant to the litigation, Claimant's wife worked regularly from 6:30 A.M. to 3:00 P.M. Claimant had been working the 12:00 midnight to 8:00 A.M. shift as a stock clerk until March 26, 1975, when he was laid off and at which time his unemployment compensation benefits commenced. He registered with the Bureau of Employment Security (Bureau) which, in later October, 1975, referred him for a job interview at Oritsky's as a stock clerk, his work hours being 7:00 A.M. to 3:40 P.M.[2] Claimant attended the interview and completed an application, on which he stated that, because they had no babysitter, he watched his children during the day. Oritsky's called Claimant at 7:00 A.M. on November 4, 1975, and told him to report for work at 7:00 A.M. the following morning. Claimant agreed to report for work, but he failed to appear because, as he later told the referee, "I talked to my wife, I had hopes that we could possibly work something out and she said, my wife said to me the only way that it would be possible that you could go is if I stay home."

The Bureau, the referee, and the Board all determined that, inasmuch as Claimant's failure to accept the offered position was due to the need to care for his children, the failure to accept was not for good cause, and that Claimant was therefore ineligible for benefits.

Subsequent to the Board's decision in this case, we decided *Trexler v. Unemployment Compensation*

---

[2] The pay scale was comparable to Claimant's previous job, and he does not contend that the work was not suitable within the meaning of Section 4(t) of the Act, 43 P.S. §753(t).

*Board of Review,* 27 Pa. Commonwealth Ct. 180, 365
A.2d 1341 (1976). There, a claimant refused an offer
of suitable employment because the job would have
occasionally required her to work overtime, and she
had unsuccessfully attempted to make alternate child
care arrangements for her 12-month old child for the
extra hours, though she had a babysitter for the regu-
lar work hours. We reversed the compensation au-
thorities' ruling that her refusal was not for good
cause and awarded benefits. In so doing, we over-
ruled prior case law which apparently has been relied
on by the Board in the instant case,[3] and which had
held that domestic responsibilities can never be con-
sidered good cause for refusing an offer of suitable
employment. In the course of our opinion, we stated:

'[G]ood cause' may cover reasons which are
extraneous to the employment and strictly per-
sonal to the claimant, provided, however, that
such personal reasons involve real and substan-
tial circumstances which compel the decision to
refuse suitable work and rest on 'good faith.'
Lattanzio, supra [Lattanzio v. Unemployment
Compensation Board of Review, 461 Pa. 392,
336 A.2d 595 (1975)]; Quiggle Unemployment
Compensation Case, 172 Pa. Superior Ct. 430,
94 A.2d 367 (1953). . . . '[G]ood faith, as used
in this context, includes positive conduct on the
part of the claimant which is consistent with a
genuine desire to work and be self-supporting.'
Lattanzio, supra at 398, 336 A.2d at 598 quot-

---

[3] In its opinion, the Board stated, "Claimant's refusal to accept
the job offered to him was based on the fact that he had to stay
home during the day and babysit for his two children. This reason,
domestic responsibilities, *cannot be considered good cause* within the
meaning of Section 402(a) and, therefore, benefits must be denied."
(Emphasis added.)

ing Bentz Unemployment Compensation Case, 190 Pa. Superior Ct. 582, 155 A.2d 461 (1959). . . .

27 Pa. Commonwealth Ct. at 185, 365 A.2d at 1344.

Thus, we have interpreted the language of Section 402(a) to require that an unemployed worker engage in the positive conduct of actively seeking new employment and of making himself as available as possible for job placement by overcoming, as far as is reasonably possible, any obstacles to his acceptance of an offer of work. By doing so, he demonstrates his good faith. In the context of a parent with the duty of caring for young children, this requirement means that he must inform the Bureau and prospective employers of the limitations on his availability; must seek employment during those hours when his child care duties are being tended to by another; and, if he is offered employment during those hours which he is then devoting to child care, he must take reasonable efforts to find someone who would assume the child care duties for him. This requirement to find a suitable babysitter must be viewed reasonably, considering the time available to make the search. Thus, in *Dunkle v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 495, 327 A.2d 409 (1974), a claimant was deemed not to be lacking good faith when she was unable to find a babysitter for her children on 20 minutes' notice. In *Trexler, supra,* the claimant consulted with one or two babysitters during the eight days between the job offer and her refusal (*See* Dissenting Opinion of Judge KRAMER, 27 Pa. Commonwealth Ct. 189, 365 A.2d 1346). There, this was held to be sufficient cause.

Here, although Claimant had unsuccessfully contacted one babysitter sometime before the job offer was made, he made no effort to find a babysitter on November 4, 1975, though he had that entire day and

evening to do so. We take judicial notice of the fact that in a city the size of Reading, Pennsylvania, such an effort by Claimant would have provided a substantial possibility of success. In any event, Claimant was obligated to make additional inquiries when he had an actual job offer in hand, and to earnestly attempt to overcome the obstacle to employment placed upon him by his domestic responsibilities. The record clearly demonstrates that he failed to do so. This refusal of the offered job lacked the good faith implicitly required by Section 402(a), and he is therefore disqualified from receiving benefits. *Liebrum v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 401, 379 A.2d 664 (1977).

Accordingly, we

ORDER

AND Now, this 19th day of April, 1978, the decision of the Unemployment Compensation Board of Review dated March 30, 1975, affirming the referee's denial of benefits to Donald C. Wolford, is affirmed.