Esmer Smith, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Oscar N. Gaskins,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her *James Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, February 27, 1981:

Esmer Smith (Claimant) has filed this appeal from an order of the Unemployment Compensation Board of Review (Board) denying benefits pursuant to Section 402(a) of the Pennsylvania Unemployment Compensation Law (Act).[1] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).

The facts of this case are not in dispute. Claimant was last employed as a Blindstitch Operator by Bergman Knitting Mills. Her last day of work was November 23, 1978 and, thereafter, she began to receive benefits under the Act. On March 5, 1979, Claimant was directed by the Bureau (now Office) of Employment Security to report to Louson's Knitting Mill, where a job was available for a Blindstitch Operator, on March 7, 1979. Claimant reported to Louson's as directed and was interviewed by a representative of the prospective Employer who informed her that she would be expected to work from 8 a.m. to 4 p.m. five days per week. Claimant told the interviewer that she would have difficulty arriving precisely at 8 a.m. and could often be as much as fifteen minutes late. Claimant explained that the cause of her difficulty was the need to escort her three year old son to school each morning. Louson's chose not to hire Claimant because of her inability to guarantee that she would report for work on time.[2]

The Bureau concluded that Claimant had refused suitable employment and denied benefits. The referee affirmed the Bureau's reasoning and result. The Board affirmed the denial of benefits, but based this conclusion on Claimant's failure to attempt to secure a babysitter to escort her son to school.

---

Section 402(a) provides as follows:

An employee shall be ineligible for compensation for any week (a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him. . . . 43 P.S. §802(a).

Section 402(a) has been amended by Act 108 of 1980.

[2] The record shows that Louson's discussed with Claimant the possibility of overtime. She stated this would be impossible. We do not reach that aspect of this case since the Board found that Louson's chose not to hire Claimant because she could not meet the regular hours.

As we have noted, the facts of this case are not in dispute. Claimant does not challenge the Board's finding that the employment available at Louson's was suitable for her. Since the findings of the Board are based on substantial evidence, they will be affirmed. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). The issue presented herein is whether Claimant refused suitable employment and, if so, whether she refused suitable employment for good cause. This presents an issue of law subject to determination by this Court. *Trexler v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 180, 365 A.2d 1341 (1976).

Claimant argues that she did not receive an offer of employment from Louson's and, therefore, could not have refused work. While the record does not contain the wording of an offer of employment, it does indicate that Claimant would have been hired if she could report for work at 8 a.m. Indeed, during the referee's hearing, Claimant testified that she was offered the work. Further, Louson's remarks to representatives of the Bureau indicate that Claimant was not hired because she could not report for work on time.

A claimant for unemployment compensation benefits need not explicitly reject an offer of employment to have refused suitable employment within the meaning of Section 402(a). *Knox v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 200, 315 A.2d 915 (1974). If, during the interview, the claimant discourages the prospective employer from hiring her, that is sufficient for the Board to find a refusal to accept suitable work. *Mohl v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 69, 321 A.2d 662 (1974). Clearly, in this case, Louson's was discouraged from hiring Claimant because of her candid explanation that she would have

substantial difficulty arriving on time. We certainly do not fault Claimant for disclosing her time constraints, indeed she was required to do so, *see, Wolford v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 43, 384 A.2d 1035 (1978). Nevertheless, we must find that she did refuse suitable employment.

Claimant is not rendered ineligible for benefits under Section 402(a), however, if her refusal of suitable employment was for good cause. *Wolford, supra.* Claimant's child care responsibilities could clearly constitute good cause provided her refusal to accept employment rests on good faith. *Trexler, supra.* Where care of small children is involved, this Court has held good faith to require that a claimant disclose the time constraints to the Bureau and the prospective employer, seek employment during those hours when the children are in the care of another, and make a reasonable effort to secure a babysitter. *Wolford, supra.*

Obviously, the determination of whether the Claimant has acted in good faith necessitates a consideration of the facts and circumstances presented herein. We find that Claimant's refusal of employment was not in good faith because nowhere did she express to the Bureau or to Louson's her willingness to try to secure a babysitter in order to accept the job.[3] While this is a close case, we find that Claimant's failure to ask Louson's to allow her time to seek a babysitter falls short of an earnest attempt to remove the obstacle to employment placed on her by her domestic responsibilities. *Wolford, supra.* Accordingly, we will affirm the Board's denial of benefits.

---

[3] The Claimant testified that she was hopeful that she would be able to find suitable employment which would be closer to her residence and would not necessitate a babysitter.

ORDER

AND Now, this 27th day of February, 1981, the order of the Unemployment Compensation Board of Review, dated May 23, 1979, denying unemployment compensation benefits to Esmer Smith is affirmed.