Jeanne A. Roberts, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Lorenzo W. Crowe, Jr.,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him, *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, November 12, 1981:

The petitioner here is appealing from an Unemployment Compensation Board of Review decision to deny her benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm the decision of the Board.

The petitioner was discharged from her position as a computer operator following a series of absences from work. The petitioner did not come to work and did not notify her employer on Monday, May 12, 1980. On Tuesday, May 13, 1980, she requested and was granted the week as vacation, to attend to domestic affairs. In the following week, the same events occurred: on Monday, May 19, 1980, she did not show up or call; on Tuesday she called and asked for the week off. On Thursday, May 22, 1980, she came to her employer's office to pick up her paycheck and told her employer she would be in touch with him the next day. She next got in touch with her employer on (or about) June 2, 1980. She was then discharged for unauthorized absences and failure to notify her employer of absences.

The issue here presented is whether the Board erred in deciding that the petitioner's conduct constituted willful misconduct under §402(e).

Though willful misconduct is not statutorily defined, its meaning has been judicially developed to encompass the wanton and willful disregard of an employer's interest, a deliberate violation of rules, a disregard of expected behavior standards or negligence manifesting

culpability, wrongful intent, evil design or intentional and substantial disregard of the employer's interests or the employe's duties and obligations. (Citation omitted.)

*Serban v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 147, 149-50, 370 A.2d 755, 756 (1977).

The petitioner appears to argue that her sole wrongdoing was in failing to call in when she promised she would and that a single instance of misconduct cannot rise to the level of willful misconduct under §402(e). But a single act may constitute willful misconduct if it is in open disregard of the employer's reasonable expectations. *See, e.g., Powell v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 512, 377 A.2d 206 (1977); *Beville v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 371, 327 A.2d 197 (1974). Even if the failure to make a promised call to an employer concerning a return to work is but one instance of misconduct, it is clearly so seriously in disregard of the employer's interest as to constitute misconduct.

The petitioner also contends that the Board erroneously characterized the Thursday, May 22, 1980, conversation as a promise on her part to call the next day regarding her absences, pointing out that the employer's witness testified that she promised to call the next day to notify them of her future babysitting arrangements. Since inadequate babysitting arrangements was the reason given for her absences, the Board's equation of this problem with absences from work was perfectly reasonable. It is undisputed that she promised to call and failed to do so.

The petitioner claims that her babysitting difficulties constituted "good cause" for her absences, citing *King v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 396, 414 A.2d 452

(1980) where we held that a claimant whose transfer and rescheduling created insurmountable child care problems was not guilty of willful misconduct for failing to report to a new work station. Unlike the claimant in *King,* the petitioner here was fired not only for being absent, but also for failing, as she promised to do, to notify her employer of when, if ever, she would return.

Order affirmed.

### ORDER

AND Now, this 12th day of November, 1981, the order of the Unemployment Compensation Board of Review, dated September 29, 1980 denying benefits to Jeanne A. Roberts, is affirmed.