Ann Jurkiewicz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 2, 1984, to Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Eugene Daniel Lucas*, for petitioner.

*Richard F. Faux*, Associate Counsel, with him, *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, June 8, 1984:

Ann Jurkiewicz (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of benefits under Section 402(a)(1) of the Unemployment Compensation Law (Act).[1]

In October, 1981 Claimant was laid off from her position at the Pawnee Pants Company, where she had worked during the evenings as a sewing machine operator. Claimant initially began receiving unemployment compensation benefits, but was denied further benefits in December, 1981 when she refused an offer of full-time day work because of her obligation to care for her children during the daytime hours.

On appeal, the referee affirmed the denial of benefits by the Office of Employment Security, holding

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, added by Section 12 of the Act of July 10, 1980, P.L. 521, *as amended*, 43 P.S. §802(a)(1).

that Claimant was ineligible under Section 402(a)(1) of the Act because of her failure to accept an offer of full-time work in order to remain eligible for part-time evening work. Section 402(a)(1) of the Act was added in 1980, and states, in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(a)(1) In which his unemployment is due to failure to accept an offer of suitable full-time work in order to pursue seasonal or part-time work.

The referee's decision was affirmed by the Board on May 6, 1982, and the present appeal followed.

Before this Court, Claimant argues that she refused the job offer not because it was a *full-time* position, but because it was a *daytime* position and thus conflicted with her child care duties. Claimant was obligated to care for her three children, ages nine, seven, and one and a half years, during the day, and thus could not begin work until 4 p.m., when her husband returned from his daytime position and could relieve her of her duties. Claimant contends that her family obligation constitutes "good cause" justifying her refusal, regardless of whether such refusal effectively limited her availability to part-time work.

"Good cause" may justify a refusal to accept an offer of employment under Section 402(a) of the Act, 43 P.S. §802(a), which states, in pertinent part:

An employee shall be ineligible for compensation for any week—
(a) in which his unemployment is due to failure, without good cause, either to apply for suitable work . . . , or to accept suitable work when offered to him by the employment officer or by any employer. . . .

While the Act does not define "good cause" for purposes of this section, this Court has held that it includes refusals based upon domestic responsibilities, such as the care of small children. *Trexler v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 180, 365 A.2d 1341 (1976). In such cases, good cause rests on a "good faith" effort consistent with the genuine desire to work and includes overcoming, as far as is reasonably possible, any obstacles to the acceptance of an offer of work. *Smith v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 173, 425 A.2d 1198 (1981); *Wolford v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 43, 384 A.2d 1035 (1978); *appeal dismissed,* 489 Pa. 401, 414 A.2d 129 (1980). Thus, in *Wolford* we concluded that:

> In the context of a parent with the duty of caring for young children, this [good faith] requirement means that [the claimant] must inform the Bureau and prospective employers of the limitations on his availability; must seek employment during those hours when his child care duties are being tended by another; and, if he is offered employment during those hours which he is then devoting to child care, he must take reasonable efforts to find someone who would assume the child care duties for him. This requirement to find a suitable babysitter must be viewed reasonably, considering the time available to make the search.

35 Pa. Commonwealth Ct. at 37, 384 A.2d at 1037. In *Wolford* the claimant's refusal to accept employment due to her child care duties was held to be lacking in good faith, and therefore without good cause, because the claimant had made an insufficient effort to obtain a babysitter.

Turning to the present case, we note that the referee's decision fails to consider the issue of good cause and makes no findings concerning Claimant's efforts to find a babysitter. Apparently the referee concluded that such findings were unnecessary in view of the fact that the decision was based not upon Section 402 (a), but instead upon Section 402(a)(1).

The interpretation of Section 402(a)(1) has not yet been considered by this Court, as our decisions in *Smith* and *Wolford* were based upon the Act prior to the effective date of this section.

In interpreting Section 402(a)(1), we note that while it is true that this Section contains no "good cause" provision under which a refusal of full-time work could be justified, the section is not applicable to *all* refusals of full-time work, but only those given solely *in order to pursue seasonal or part-time work*. Where it is found that a claimant's refusal of full-time work is based upon reasons *other than* a desire to pursue seasonal or part-time work, Section 402(a) applies, and a further determination must be made as to whether such reasons constitute good cause.

Further, Section 402(a)(1) does not become applicable simply because a refusal of full-time work *results* in the pursuit of seasonal or part-time work. The language of this section indicates that its applicability depends upon the *reason* for the refusal, not the result. Thus, the fact that a claimant may have limited his availability to seasonal or part-time work, or requested the same, does not render him ineligible under Section 402(a)(1) when his actions in this regard do not constitute the primary reason for his refusal of full-time work.

In the present case the referee found that Claimant refused her offer of full-time work *because of her conflicting child care obligations*. Thus, Claimant refused the offer not in order to pursue part-time work, but

rather in order to pursue work compatible with her child care duties. The fact that Claimant may have also indicated her desire for part-time work at the time of her refusal is irrelevant since it is clear that such desire did not constitute the primary reason for her refusal.

Since Claimant has established a reason for her refusal other than a desire to pursue seasonal or part-time work, Section 402(a) applies, and findings of fact and conclusions of law must be made regarding the issue of good cause.[2]

Claimant has argued that the evidence supports her claim that she has made a reasonable effort to obtain a babysitter for her children. Without a finding of fact on this issue, we cannot determine whether good cause has been shown. *Smith*. We must therefore remand to the Board for further findings on the issue of good cause.

ORDER

Now, June 8, 1984, the order of the Unemployment Compensation Board of Review in the above referenced matter, No. B-205369, dated May 6, 1982 is hereby vacated, and the matter remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[2] We note that the Board itself does not attempt to argue the applicability of Section 402(a)(1) in its brief, but instead addresses the issue of whether good cause has been shown, thus recognizing the applicability of Section 402(a).

---

DISSENTING OPINION BY JUDGE COLINS:

I dissent for the same reasons articulated in the companion case of *Ferrone v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 147, 476 A.2d 514 (1984).