Judy Ferrone, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 2, 1984, to Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Eugene Daniel Lucas,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, June 8, 1984:

Judy Ferrone (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of benefits under Section 402(a) of the Unemployment Compensation Law (Law).[1]

In September, 1981, Claimant was laid off from her position with the Pawnee Pants Company, where she had worked during the evenings as a part-time sewing machine operator. Claimant initially received unemployment compensation benefits, but was denied further benefits when she refused an offer of daytime employment in December of 1981 because it conflicted with her obligation to care for her children.

On appeal, the referee found that Claimant was ineligible for benefits under Section 402(a) of the Law for her failure, without good cause, to accept an offer of suitable employment. The referee's decision was affirmed by the Board on May 6, 1982, and the present appeal followed.

Claimant contends that she was required to care for her two children, ages six and nine, during the hours of her husband's daytime employment. Claimant argues that her obligation to care for her children constitutes "good cause" justifying her refusal to accept the daytime employment.

It is well settled that child care responsibilities may constitute good cause for refusing suitable employ-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(a).

Section 402(a) states, in pertinent part:

An employe shall be ineligible for compensation for any week—

(a) in which his employment is due to failure, without good cause, either to apply for suitable work . . . , or to accept suitable work when offered to him by the employment officer or by any employer. . . .

ment, provided that such refusal rests on good faith. *Trexler v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 180, 365 A.2d 1341 (1976). In cases involving the care of children, this Court has held good faith to require that a claimant disclose the time constraints to the Bureau and the prospective employer, seek employment during those hours when the children are in the care of another, and, if offered employment which conflicts with his duties, take reasonable efforts to locate a suitable babysitter. *Smith v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 173, 425 A.2d 1198 (1981); *Wolford v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 43, 384 A.2d 1035 (1978), *appeal dismissed,* 489 Pa. 401, 414 A.2d 129 (1980).

In the present case, the referee's findings indicate that the Claimant made no effort to locate a babysitter in order to make herself available for the daytime job offer. These findings are supported in the record by Claimant's own testimony, in which she admitted that she had never attempted to find someone to care for her children.[2]

In view of these findings, the Board was correct in affirming the referee's decision which concluded that the Claimant had not shown good cause for her refusal of the daytime job offer.

Accordingly, we affirm the decision of the Board.

---

[2] This case is distinguishable from the case of *Jurkiewicz v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 141, 477 A.2d 583 (1984), in which we remanded the matter to the Board for further findings. In *Jurkiewicz,* which also involved a former employee of the Pawnee Pants Company, the referee was faced with facts similar to those in this case but erroneously applied Section 402(a)(1), thus failing to make necessary findings of fact on the issue of good cause.

150

Now, June 8, 1984, the order of the Unemployment Compensation Board of Review in the above referenced matter, No. 81-2-N-877, dated May 6, 1982, is hereby affirmed.

---

DISSENTING OPINION BY JUDGE COLINS:

I dissent. We are presented here with an increasingly common situation, wherein one spouse works during the day while the other cares for the children, and in the evening, the work and child care roles are reversed. We are dealing with a commendable situation wherein great sacrifices are being made to see that the children are in the constant care of at least one parent.

By requiring that the mother seek a babysitter so that she might accept daytime employment, we are, in fact, mandating that these parents delegate a substantial portion of their child-rearing duties to a third party.

This is a moral dilemma with which many parents must deal.

Based solely upon the policy consideration that this Court should do all that is possible to maintain the traditional concept of nurturing parents, we should not require Mrs. Ferrone to accept daytime employment.

In addition, the majority does not discuss the financial impossibilities inherent in such a situation. If we are to require that the claimant pay for child care services so that she may pursue a relatively low-paying job, we will, in fact, cause Mrs. Ferrone to work for practically no remuneration.

These factors, viewed within the context of the instant factual situation, certainly constitute "good

cause'' for the claimant's refusal to accept daytime employment. The decision of the Board should be reversed.