Hospital Service Association of Northeastern Pennsylvania, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 6, 1984, before Judges DOYLE, PALLADINO and BARBIERI, sitting as a panel of three.

*Richard W. Harris,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, June 8, 1984:

Before us are the consolidated appeals of the Hospital Service Association of Northeastern Pennsylvania (Employer) from separate orders of the Unemployment Compensation Board of Review (Board) which affirmed the referees' awards of benefits to seven former employees[1] on the basis of Section 402 (b) of the Unemployment Compensation Law[2] (Act), 43 P.S. §802(b) (voluntary quit for cause of necessitous and compelling nature).

Claimants were employed as claim processors, and worked for the Employer during the night shift, from 5:00 until 10:00 p.m. each evening. In March of 1981, Employer informed Claimants that the night shift would be eliminated in May of that year, but that each Claimant could continue employment after that date by accepting a position on the day shift. Each Claimant refused the offer of daytime employment, citing her conflicting obligation to care for her small children during the day while her husband worked. Employer again offered Claimants daytime employment in May, shortly before the elimination of the Claimants' night shift, but again, each Claimant refused. Claimants left work upon the elimination of the night shift on May 22, 1981, and applied for unemployment compensation. After an initial determination by the

---

[1] Elizabeth Willison, Joyce Stachniewicz, Beverly Froncek, Geraldine Glushefski, Gloria Yarnal, Rose Bohonko and Shirley Cavanaugh.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

Office of Employment Security,[3] the referees granted benefits in each case under Section 402(b) of the Law, finding that each Claimant had voluntarily quit her employment for cause of a necessitous and compelling nature. The referees' findings in each case indicated that the Claimant quit work because of her obligation to care for her children, after having made a good faith effort to find a babysitter.[4] Further, it was found that each Claimant was available for part-time night work, and that such work was readily available in the community. The referees' decisions were affirmed by separate decisions of the Board.

Before this Court, Employer argues that the referees and the Board erred in applying Section 402(b) of the Law, and urges that Section 402(a) and Section 402(a)(1) of the Law[5] control. Sections 402(a) and 402(a)(1) state, in pertinent part:

Ineligibility for compensation

An employe shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work . . . or to accept suitable work when offered to him . . . by any employer. . . .

(a)(1) In which his unemployment is due to failure to accept an offer of suitable full-time work in order to pursue seasonal or part-time employment.

It is clear that these Sections are intended to apply only to those claimants who, *while unemployed,* refuse

---

[3] The Office of Employment Security had granted benefits in every case except that of Geraldine Glushefski.

[4] Domestic responsibilities, including the care for small children, may constitute cause of a necessitous and compelling nature for purposes of Section 402(b) of the Law. *See Wallace v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978).

[5] 43 P.S. §§802(a), 802(a)(1).

to accept an offer of suitable work.[6] Claimants who, *while employed,* refuse to accept an offer of *continued* employment are deemed to have quit their position, and are thus subject to Section 402(b) of the Law, which denies compensation to a claimant who "voluntarily [leaves] work without cause of a necessitous and compelling nature. . . ." 43 P.S. §802(b) ; *Tomkus v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 565, 445 A.2d 846 (1982). In the present case, there has been no contention that an offer of suitable employment was made after Claimants became unemployed. The findings, well supported by the evidence, indicate instead that the only "offers" were those of continued employment, which were made in March and May of 1981, while Claimants were still employed. Thus, the referees did not err in concluding that Section 402(b), rather than Sections 402(a) or 402(a)(1), applied.

Employer also argues that Claimants are ineligible for benefits under Section 401(d)(1) of the Act,[7] because they have limited their availability to part-time night work. It is well settled that a claimant may limit his availability and still remain eligible for benefits, provided that his limitation does not effectively remove him from the labor market. *Myers v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 281, 330 A.2d 886 (1975) ; *Hunt v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 577, 302 A.2d 866 (1973). Here, the ref-

---

[6] In two cases also decided today, this Court applied Section 402(a) of the Law where the employee became unemployed, and thereafter refused an offer of suitable work because of child care obligations. *Ferrone v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 147, 476 A.2d 514 (1984) ; *Jurkiewicz v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 141, 477 A.2d 583 (1984).

[7] 43 P.S. §801(d)(1).

erees specifically found in each case that there was a market for part-time night work within the community. Thus, the Claimants' limitations did not remove them from the labor market, and they remain available for work within the meaning of Section 401(d)(1) of the Law.

For the foregoing reasons, we conclude that the Board did not err in affirming the decisions of the referees granting benefits. Accordingly, we affirm the decisions of the Board.

### Order

Now, June 8, 1984, the orders of the Unemployment Compensation Board of Review in the above referenced matters, Nos. B-200314 and B-200315, dated October 19, 1981, and Nos. B-203334 through B-203338, dated February 10, 1982, are hereby affirmed.

