505 A.2d 400

Monongahela Valley Hospital, Inc., Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 20, 1985, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Hayes C. Stover, Kirkpatrick, Lockhart, Johnson & Hutchison,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by Judge Doyle, February 28, 1986:

This is an appeal by Monongahela Valley Hospital, Inc. (Employer) from two separate orders of the Unemployment Compensation Board of Review (Board) modifying and affirming a referee's decisions granting partial benefits to April Lamendola (Claimant) for the benefit weeks ending January 22, 1983 and February 5, 1983 respectively.

The Board on appeal made its own findings of fact, the relevant ones reading as follows:

1. The claimant is employed as a part-time substitute registered nurse for approximately nine and one-half years at a final rate of $10.27 per hour.

2. In the Summer of 1982, the claimant was offered an opportunity to work full-time for the employer and the claimant rejected this offer.

3. In November, 1982, the claimant requested to be transferred to full-time status, but the employer had no such work available and has had no such work for the period through the week involved in this appeal.[1]

Based upon these findings the Board then determined, *inter alia,* that Section 402(a)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended,* 43 P.S. §802(a)(1), was inapplicable to the instant case and hence did not disqualify Claimant from receiving benefits because of Claimant's "request for full-time work in November, 1982."

On appeal to this Court Employer asserts that the Board erred in determining that Claimant was not rendered ineligible for benefits pursuant to Section 402(a)(1). Section 402 provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

---

[1] The Board also found that on two of the days for the weeks in question Claimant was not home when Employer telephoned her to advise her that work was available, but that she was not required under Employer's policy to be available to take such calls and further found that on one occasion she refused available work because of illness. Other facts found by the Board are pertinent to the amount of compensation Claimant received. On appeal to this Court that amount is not challenged. Rather it is Claimant's basic eligibility for any compensation which is at issue.

(a)(1)   In which his *unemployment* is due to failure to accept an offer of suitable full-time work in order to pursue seasonal or part-time employment.   (Emphasis added.)

Section 4(u) of the Law, 43 P.S. §753, defines unemployed as follows:

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

Employer, in support of its argument that Section 402(a)(1) does disqualify Claimant, even though it is conceded that she was unemployed,[2] begins with an assertion that the legislative intent in adding the above quoted language to Section 402 was to disqualify from receiving benefits *any* persons (not just unemployed persons) who refuse full-time work to pursue part-time employment.   Employer, in taking this position, relies upon a statement contained in a "legal bill analysis" which discusses the language which later became Section 402(a)(1).   The statement appearing in the "legal bill analysis, reads as follows:

H.B. 1673 contains a new eligibility requirement that would disqualify any person from unemployment compensation benefits who re-

---

[2] We note initially that in the instant case the parties seem to agree that Claimant *was* employed. Although we are not certain that this position is legally or technically accurate under the provisions of 4(u) and the facts as found by the Board, the issue of whether Claimant was "employed" has not been raised before us. Thus, for purposes of review we assume that Claimant was employed.

fuses full-time work in order to pursue part-time or seasonal employment.

While Employer does not explain what a legal bill analysis is, it is apparent to this Court that the unsigned document is nothing more than the opinion of unknown individual(s) of what a proposed bill says. There is no indication that this analysis purports to express the intent even of a committee, let alone the entire legislature. And where, as here, the actual language of Section 402(a)(1) is free from ambiguity we certainly would not disregard that language in favor of statements made in such a document.

Employer further maintains, however, that the Board's position will allow employees to evade totally the intent of the legislature (the intent purportedly expressed in the legal bill analysis) by permitting them to decline full-time work, wait until other employees have accepted the available full-time positions and then ask for full-time jobs knowing full well that such jobs are then no longer available. What Employer fails to recognize, however, is that its argument, too, is subject to an unappealing hypothetical. Under Employer's theory, part-time employees who once reject a full-time offer of employment could *forever* be disqualified from receiving benefits.

We think, however, that neither of these two positions need be dealt with in the instant case. This is because there is no dispute here that Claimant *was* employed during the weeks in question and hence Section 402(a)(1) is inapplicable to her case. In *Hospital Service Association of Northeastern Pennsylvania v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 165, 476 A.2d 516 (1984) we examined both Section 402(a)[3] and Section 402(a)(1) of the Law and stated:

---

[3] Section 402(a) states in pertinent part that an employe shall be ineligible for compensation for any week "[i]n which his unem-

> It is clear that these Sections are intended to apply only to those claimants who, *while unemployed,* refused to accept an offer of suitable work.

*Id.* at 167-68, 476 A.2d at 518 (emphasis in original). Thus, in *Hospital Service Association,* where claimants who worked the night shift (which was being eliminated) were offered *while still employed* continued work on the day shift and refused, we held that Section 402(b) of the Law, 42 P.S. §802(b) (voluntarily quitting), applied and not Section 402(a) or Section 402(a)(1). In contrast, in *Ferrone v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 147, 476 A.2d 514 (1984), where a claimant was laid off from part-time evening work and *then* was offered and refused day time work we held that Section 402(a) applied and that benefits were properly denied under this provision because claimant had refused an offer of suitable employment without establishing good cause for her refusal. Finally, in *Jurkiewicz v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 141, 477 A.2d 583 (1984), we considered and rejected the applicability of Section 402(a)(1) because the *reason* given for the refusal was something other than an insistence to pursue part-time work rather than accept full-time work. In *Jurkiewicz* the claimant was laid off from her part-time evening shift in October of 1981. She received benefits until December of 1981 when she refused an offer of full-time day employment because of child care obligations. We held there that Section 402(a)(1) requires not only a refusal, but the reason for the refusal must be to pursue part-time or seasonal work rather than full-time work. Thus, in *Jurkiewicz,* where the reason for the refusal was not because the

ployment is due to failure, without good cause, either to apply for . . . or to accept suitable work when offered. . . ."

claimant wanted part-time work but because she wanted *evening* work because of her child care obligations, we determined that Section 402(a) rather than Section 402(a)(1) applied and remanded for the Board to make further findings on good cause.

The instant case is similar to *Hospital Service Association* in that the parties agree that Claimant was employed. But although a claimant who refuses work while employed can be disqualified under Section 402 (b) (voluntary quit), *Hospital Service Association,* we need not remand for consideration of this case under that Section inasmuch as there is no question here that Claimant did not quit, but that she continued her regular and usual part-time employment.

In summary, because it is undisputed that Claimant here was employed when she refused the offer of full-time work, we hold that Section 402(a)(1) does not operate to disqualify her from benefits.[4] *Hospital Service Association; Quality Building Services, Inc. v. Unemployment Compensation Board of Review,* 90 Pa. Commonwealth Ct. 495, 497 n.3, 498 A.2d 1, 2 n.3 (1985). The orders of the Board are affirmed.

### ORDER

Now, February 28, 1986, the orders of the Unemployment Compensation Board of Review in the above captioned matter are affirmed.

---

[4] Because Claimant is not ineligible for benefits under Section 402(a)(1) we need not consider Employer's argument that the Bureau of Employment Security regulation 65.62(a), 34 Pa. Code §65.62(a) (which states that individuals disqualified under Section 402(a) shall remain disqualified until obtaining subsequent non-temporary employment) should apply to cases of disqualification under Section 402(a)(1).