506 A.2d 899

**Kathleen TRUITT, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW.**

Supreme Court of Pennsylvania.

Argued March 5, 1986.

Decided April 14, 1986.

Lorraine M. Bittner, Carol S. Mills McCarthy, John Stember, Kathleen R. Mulligan, Neighborhood Legal Services, Pittsburgh, for appellant.

Susan Cary Nicholas, Philadelphia, Ann Lee Begler, Pittsburgh, for amici curiae CHOICE & Women's Law Project.

Charles G. Hasson, Acting Deputy Chief Counsel, Jonathan Zorach, Associate Counsel, Peter C. Layman, Chief

Counsel, Unemployment Compensation, Bd. of Review, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ., concurring.

## ORDER

PER CURIAM:

Application for Relief in the Nature of a Motion to Dismiss for Non-Compliance with Rules granted without prejudice.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent from the majority's decision to grant appellee's, the Unemployment Compensation Board of Review's, motion to dismiss and would reach the merits of this case.

Appellant, Kathleen Truitt, appeals from an order of the Commonwealth Court affirming the denial of her application for unemployment compensation benefits. Appellant applied for benefits after she left her job as a waitress because her mother, who had been caring for appellant's children while appellant was at work, broke her arm and was no longer able to care for the children and appellant was unable to find alternative child care. After a hearing, the referee concluded that appellant's efforts to obtain alternative child care did not demonstrate the effort necessary to support a conclusion of necessitous and compelling cause to terminate her employment. On appeal, both the Board and the Commonwealth Court affirmed.

Appellant contends that the referee erred in concluding that her efforts to obtain child care were not sufficient to support a finding of necessitous and compelling cause and that the Board and the Commonwealth Court thus erred in affirming the referee's decision. I agree.

When a claimant "voluntarily" leaves his or her employment, he or she must prove a necessitous and compelling cause for leaving in order to be eligible for unemployment compensation benefits. *Hospital Service Association v. Unemployment Compensation Board of Review*, 83 Pa. Commw. 165, 476 A.2d 516 (1984). A claimant seeking to demonstrate that an inability to obtain child care establishes a necessitous and compelling cause for leaving must show that he or she made a reasonable, good faith effort to obtain such child care. *Id.* I believe that the record in the instant case discloses that appellant did, indeed, make such a reasonable, good faith effort.

After working full time as a clerk for a trucking company for six years, appellant was laid off. She then found work as a waitress. Since her job with the trucking company had been from 9:00 a.m. to 5:00 p.m., she had not had problems with child care as her two children, aged nine and thirteen, were in school during those hours. Her position as a waitress, however, required her on some nights to work until 3:00 a.m. At first, appellant's mother cared for the children but, after one month, the mother fell and broke her arm. Since appellant's mother could not care for the children with a broken arm, appellant called her employer and informed him of the situation. She told him she would try to obtain alternative child care and would let him know when she would be able to return to work. Appellant then called her former babysitters (who had watched her children after school while appellant worked at the trucking company) but they were not able to sit until 3:00 a.m. Appellant also called her sisters, but they also were not able to sit until 3:00 a.m.

When appellant could not find alternative child care, she asked her employer if she could work only daylight hours until her mother was able to resume caring for the children. Her employer either could not or would not accommodate her. Appellant then felt compelled to leave the waitress job.

In affirming the referee's decision, the Commonwealth Court held that appellant's efforts were not sufficient because she "did nothing beyond making limited inquiries." Commonwealth Court Opinion at 2. Considering the hours that appellant was required to work, I believe that any reasonable person who had to find child care on a moment's notice would have done exactly as appellant did; i.e., inquire of former babysitters and family members. It would be unreasonable to expect a person to leave their children with a stranger until 3:00 a.m. without having first checked into their background and references, something that appellant did not have the time to do. Therefore, I believe that appellant has shown a "necessitous and compelling cause" for terminating her employment.

Furthermore, the fact that appellant asked her employer to let her work all daylight hours until her mother could resume caring for her children shows that appellant made a good faith effort to remain employed. Appellant could have collected unemployment compensation benefits as a result of being laid off by the trucking company, but instead she went out and found a job as a waitress, thus terminating her right to collect those benefits. Now the majority sends her and her children out into the cold. There are no golden parachutes for the Kathleen Truitts of the world.