524 A.2d 1075

Lina Cedeno, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 23, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Peter Zurflieh,* for petitioner.

*Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, April 30, 1987:

Lina D. Cedeno (petitioner) petitions for review of the order of the Unemployment Compensation Board of Review (Board) summarily affirming a referee's denial of benefits to her pursuant to Section 402(b) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (one who voluntarily terminates employment without cause of a necessitous and compelling nature is ineligible for benefits).

The referee made extensive and detailed findings of fact in this case, which, pertinently, are as follows:

1. The claimant was last employed by the Dauphin Deposit Bank as a teller for approximately three weeks at an hourly rate of $4.22. Her last day of work was July 5, 1985.

2. The claimant was hired by the employer as a summer replacement for vacationing employees and was advised at time of hire that her work week would consist of approximately thirty-seven and one-half to forty hours, the claimant's daily starting time having been 8:00 a.m. and she having anticipated completing her work day at or about 4:30 p.m.

3. The claimant is the mother of four children aged two years, four years, six years, and nine years.

4. While the claimant was employed by the employer the three oldest children of the claimant attended certain summer camps from which they returned home daily at approximately 4:30

p.m. and the youngest child of the claimant was under the care of a sitter.

5. Because of the employer's having installed a new teller system at the site of the claimant's employment and because of the time required by the claimant to settle her teller window after the employer's close of customer business hours at 3:00 p.m. each day, the claimant's work hours during the course of the claimant's employment at times extended to 5:00 and 5:30 p.m.

6. Because of the claimant's extended work hours during the course of her employment her children were arriving at her home prior to her return thereto on her work days.

7. During the last week of her employment the claimant discussed with the employer her concern with respect to her work hours and her children returning home prior to her arrival there, the employer having responded, in substance, that as her settlement time improved her work hours would lessen.

8. On her last day the claimant left with the employer a note advising the employer that she was quitting her employment, the note having made reference to the problem of the interference of the claimant's work hours with the care of her children which the claimant had previously discussed with the employer.

9. During her employment with the employer the claimant was paying $20.00 each week for a daughter's attendance at summer camp, $18.00 per week for each of her two sons attending summer camp, and $25.00 per week for the services of a sitter for her youngest child.

10. Prior to leaving her employment the claimant made no investigation with respect to

alternative arrangements for care of her children while she was at work.

11. The claimant's husband who resided with the claimant works a shift from 7:30 a.m. to 4:00 p.m. and attends a certain school during evening hours from 4:30 p.m. until 9:00 p.m.

The petitioner contends that the referee erred in finding that she had not attempted to arrange for alternate child care during the period in question. She argues that it was the cost of such care which was the impediment, not locating it.

Our review of this record, however, indicates that the referee's disputed crucial finding of fact number ten is based on the following:

QR (referee to petitioner): Well was there anyone else at your home to care for the children Mrs. Cedeno?

AC (petitioner's response): Well I have a husband, but his work hours are 7:30 to 4 and he attends school in the evenings from 4:30 to 9.

QR: And were those his circumstances at the time you began this employment?

AC: Yes, yes they have been the circumstances for the last two years.

QR: Did you have or did you make arrangements with any sitter to care for your children then during these hours following the end of their activities around 4:30 or so until you were able to arrive at home? Did you hire any sitter or *seek any sitter for that interval?*

AC: *No.*

(Emphasis added.) Unfortunately for the petitioner, in light of such testimony, we must conclude that finding number ten is supported by substantial record evidence and, therefore, is binding on us. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 349, 378

A.2d 829 (1977). Under such circumstances, we are compelled to affirm the referee's conclusion that the petitioner failed to meet her burden of proving cause of a necessitous and compelling nature for her resignation.[1] *See Wolford v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 43, 384 A.2d 1035 (1978), *appeal dismissed* 489 Pa. 401, 414 A.2d 129 (1980).[2]

The second contention advanced by the petitioner is that, inasmuch as the employer informed her, at the time of hire, that she would be working approximately thirty-seven and one-half to forty hours per week, the referee erred by not concluding that the time she worked beyond 4:30 p.m. was a substantial and unilateral alteration of the terms of employment to which she agreed, *National Aluminum Corp. v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 359, 429 A.2d 1259 (1981), and that the extra hours constituted a working condition rendering the job unsuitable and concerning which she was deceived by the employer, and which changed after her acceptance, or of which she was reasonably unaware at the time of hire, *Johnson v. Unemployment Compensation Board of*

---

[1] Pursuant to Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, we must affirm a Board adjudication unless a party's constitutional rights were violated, or there was an error of law, or necessary findings of fact are not supported by substantial evidence. *Wurster v. Unemployment Compensation Board of Review,* 102 Pa. Commonwealth Ct. 417, 518 A.2d 350 (1986).

[2] *Wolford* was decided under Section 402(a) of the Act, 43 P.S. §802(a), but we have affirmed a grant of benefits under circumstances similar to the case at bar where good faith efforts to seek baby-sitting services have been made. *Hospital Service Association of Northeastern Pennsylvania v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 165, 476 A.2d 516 (1984).

*Review,* 69 Pa. Commonwealth Ct. 303, 450 A.2d 1095 (1982).

We do not believe, however, that, under the facts of the case, as found by the referee based on substantial record evidence, these principles apply in this case.

We note that the petitioner testified that she was advised that she would be working approximately thirty-seven and one-half to forty hours per week. Hence, she was aware that she was not hired to work a specific number of hours per week. And, inasmuch as the overtime here would abate as the petitioner became more proficient in the new teller cash drawer settlement procedure, we cannot hold that the referee erred in concluding that this circumstance did not provide the petitioner with the requisite necessitous and compelling cause to voluntarily terminate her employment.

Accordingly, we will affirm the Board's order.

ORDER

AND NOW, this 30th day of April, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Judge COLINS dissents.